# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**WILLIAM JULIUS BALLENGER,**

    **Plaintiff,**

v.                                                           **Civil Action No. 3:21-CV-106 (GROH)**

**RUSSELL MASTON,**
**SHAWN COLEMAN,**
**DAVID STALLARD,**
**STEVEN KALINOSKY,**
**ASHLEY LOCKHART,**
**CCI FIELDMEIR,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 12, 2021, the *pro se* Plaintiff, who is a state prisoner incarcerated at Saint Marys Correctional Center, in Saint Marys, West Virginia, initiated this case by filing an action pursuant to 42 U.S.C. § 1983. ECF No. 1.[1] Plaintiff paid the initial partial filing fee on August 9, 2021.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:21-CV-106, unless otherwise noted.

## II.  FACTUAL AND PROCEDURAL HISTORY

In his complaint Plaintiff asserts that his civil rights were violated when on May 7, 2021, and June 8, 2021, he was charged with disciplinary infractions.  ECF No. 1 at 7.  The first charges were dismissed on May 27, 2021, but he was found guilty of committing of the second violation.  Id.  Plaintiff further asserts his civil rights were violated when he was not given a right to confront his accuser at the disciplinary hearing.  Id. at 8.  Finally, Plaintiff claims that his civil rights were violated when staff retaliated against him.  Id.  In support of his third claim, Plaintiff contends that Defendant Shawn Coleman "wrote me up for [ ] numerous [ ] violations and then one [the charges were] dismissed he then wrote me up again intentionally retaliating against me."  Id.  Plaintiff asserts he lost institutional privileges for 90 days, including recreation during daylight hours, loss of electronics, loss of commissary, loss of phone, and that his custody level may now be elevated.  Id. at 9.

Plaintiff asks the Court to overturn the disciplinary conviction, expunge his record, order unspecified monetary damages, and prohibit the Defendants from working in corrections.  Id.

## III.  LEGAL STANDARD

### A. Pro Se Litigants.

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

3

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

The Prisoner Litigation Reform Act (PLRA) requires proof of "physical injury." There is no recovery for mental or emotional stress without consequent physical injury. 42 U.S.C. § 1997e(e) provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."

### IV.  ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.

Under the Prison Litigation Reform Act (PLRA) of 1996, there is an important limitation upon all actions arising from incarceration, requiring proof of physical injury arising from the allegedly unconstitutional condition.  42 U.S.C. § 1997e(e).  See Munn Bey v. Department of Corrections, 839 F.Supp.2d 1 (D.D.C. 2011).

Here, Plaintiff seeks to overturn the conviction, expunge his record, order unspecified monetary damages, and prohibit the Defendants from working in corrections for emotional distress.  ECF No. 1 at 9.  Plaintiff does not allege any physical injury.  Id.

4

Further, he fails to allege that any physical injuries were the result of the events he describes in the complaint. Rather, Plaintiff alleges that he suffered a loss of privileges for 90 days. Id. Even if Plaintiff had stated a claim upon which relief could be granted, he is ineligible to receive monetary damages unless he has demonstrated prior physical injury, which is not present here. Accordingly, Plaintiff is not entitled to monetary relief.

The undersigned recognizes that Plaintiff also appears to be seeking mandamus relief in the form of an order by this Court which directs the West Virginia Division of Corrections or Corrections officials to discipline, demote or terminate staff. However, this action filed pursuant to § 1983, is an improper vehicle to obtain such relief.

Accordingly, because Plaintiff can prove no set of facts which would entitle him to relief, he fails to state a claim upon which relief may be granted as to any of the named Defendants.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

It is further **RECOMMENDED** that Plaintiff's motion for status hearing [ECF No. 18] be **TERMINATED AS MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   November 10, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

6