IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WILLIAM JULIUS BALLENGER,**

    Plaintiff,

v.                                                   CIVIL ACTION NO.: 3:21-CV-106
                                                        (GROH)

**RUSSELL MASTON,
SHAWN COLEMAN,
DAVID STALLARD,
STEVEN KALINOSKY,
ASHLEY LOCKHART and
CCI FIELDMEIR,**

    Defendants.

## ORDER OVERRULING OBJECTIONS
## AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 19. Pursuant to this Court's Local Rules, this civil action was referred to Magistrate Judge Trumble for submission of an R&R. In the R&R, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's complaint with prejudice for failure to state a claim. The Plaintiff timely filed objections to the R&R, as well as two supplemental filings. ECF Nos. 21, 22, 23. Accordingly, the R&R is ripe for review.

### I.     BACKGROUND

The *pro se* Plaintiff is a state prisoner incarcerated at Saint Marys Correctional Center in Saint Marys, West Virginia. On July 12, 2021, the Plaintiff initiated this case by

filing a civil complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In his complaint, he alleges three causes of action: (1) a violation of his Fifth Amendment right, (2) a violation of his Fourteenth Amendment right and (3) retaliation.

The Plaintiff alleges that his Fifth Amendment right was violated when he was charged a second time for violating two prison rules. After each set of charges, the Plaintiff was afforded a hearing. However, the Plaintiff alleges that his Fourteenth Amendment right was violated during each hearing because he was not given the opportunity to confront his accuser. Lastly, the Plaintiff alleges that Defendant Coleman retaliated against him by repeatedly writing up the Plaintiff for violating the prison rules.

As a result, the Plaintiff asserts injury in the form of lost institutional privileges for ninety days, being prohibited from engaging in recreation during daylight hours, loss of electronics, loss of commissary, loss of phone, the possible elevation of his custody level and being labeled as "a gangbanger or/and a racist." ECF No. 1 at 9. For relief, the Plaintiff requests that this Court overturn his conviction, expunge his record, grant monetary damages and order the termination of the named Defendants from their employment in the correctional facility.

Magistrate Judge Trumble, pursuant to this Court's Local Rules, issued an R&R. ECF No. 19. Therein, Magistrate Judge Trumble found that the Plaintiff has failed to present a claim upon which relief can be granted. In particular, the magistrate reported that the Plaintiff failed to allege any physical injury in connection to his claims, which, under the Prison Litigation Reform Act of 1996, is necessary. Additionally, the magistrate found that the Plaintiff appears to request mandamus relief in the form of an order by this Court directing the West Virginia Division of Corrections to discipline, demote or terminate

staff. However, the Plaintiff filed his civil complaint pursuant to § 1983, which is an improper vehicle to request mandamus relief. Ultimately, the magistrate found that the Plaintiff did not set forth any facts that entitle him to relief, and therefore, his complaint should be dismissed with prejudice.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When

3

only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III.   DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Plaintiff has presented two arguments in his objections to the magistrate judge's R&R. First, the Plaintiff asserts, for the first time, that his Eighth Amendment right was violated because

4

being confined to his cell qualifies as a cruel and unusual punishment. Second, the Plaintiff asserts that mental stress and mental abuse should qualify as a valid injury for his claims.

In his first objection, the Plaintiff claims that there are opinions from the United States Supreme Court holding "that anything less than 5 hours a week of out of cell exercise could be considered an 8th amendment violation." ECF No. 21 at 2. However, the Plaintiff cites no cases to support his argument, likely because there are none. Solitary confinement has indeed faced some constitutional scrutiny, but this criticism is largely found in concurrences and dissents of Supreme Court Justices. See, e.g., Ruiz v. Texas, 137 S. Ct. 1246, 1247 (2017) (Breyer, J., dissenting); Davis v. Ayala, 135 S. Ct. 2187, 2208–10 (2015) (Kennedy, J., concurring). While the length of solitary confinement may implicate constitutional concerns, Hutto v. Finney, 437 U.S. 678, 686 (1978), the Court has not yet ruled upon whether the denial of exercise constitutes a cruel and unusual punishment. Indeed, the Court, in 2018, denied petitions for writs of certiorari alleging that the permanent deprivation of outdoor exercise constitutes an Eighth Amendment violation. Apodaca v. Raemisch, 139 S. Ct. 5 (2018).

Further, even if Supreme Court precedent governing the constitutionality of exercise while incarcerated existed, the Plaintiff did not set forth an Eighth Amendment claim in his complaint. The Plaintiff raises this issue for the first time in his objections. Therefore, the Plaintiff's objection asserting that he suffered an Eighth Amendment violation is legally without merit and factually unfounded. Accordingly, the Plaintiff's objection asserting an Eighth Amendment violation is **OVERRULED**.

In his second objection, the Plaintiff argues that his mental suffering should qualify as a valid injury for his civil action. However, as noted by the magistrate, the "Prisoner

Litigation Reform Act (PLRA) requires proof of 'physical injury.' There is no recovery for mental or emotional stress without consequent physical injury." ECF No. 19 at 4. Indeed, the PLRA plainly states, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In his objection, the Plaintiff does not contend that he has suffered any physical injury. Therefore, the Plaintiff's objection arguing that his mental anguish entitles him to recovery is **OVERRULED**.

### III.   CONCLUSION

For the foregoing reasons, this Court finds that Magistrate Judge Trumble's Report and Recommendation [ECF No. 19] carefully considered the record and applied the appropriate legal analysis, and is hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Accordingly, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**. In accordance with the dismissal, the Plaintiff's Motion for Status Hearing [ECF No. 18] is **TERMINATED as MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 7, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE